UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| V. | ) |
| | ) CASE NO. 1:22-CV-01281-TWP-MJD |
| **NETFLIX, INC., NETFLIX WORLDWIDE ENTERTAINMENT, LLC,** AND **BLUMHOUSE PRODUCTIONS, LLC,** | ) ) ) |
| | ) |
| **DEFENDANTS,** | ) |

**PARTIES' JOINT RULE 26(F) REPORT**

Pursuant to Fed. R. Civ. P. 26(f)(2), and in addition to the Proposed Case Management Plan that will be filed by the parties pursuant to the Court's Order, the parties jointly submit their written report of Rule 26(f) conference and discovery plan.

On August 3, 2022 the parties, through counsel, participated in a telephonic Rule 26(f) conference. The parties discussed, *inter alia*, the following Fed. R. Civ. P. 26(f)(3) Discovery Plan topics:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**The parties will make the Rule 26(a) initial disclosures in accordance with the schedule set by the Court.**

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**The parties will provide a proposed discovery schedule in their Proposed Case Management Order. Except to the extent described in that Proposed Case Management Order, if any, Plaintiff does not believe that phases, limitations, or focuses are required at this time. The parties are considering filing a Joint Motion to Consolidate.**

**Plaintiff states that the following general subjects may require discovery, while reserving all rights to all relevant discovery: Defendants' production, dissemination, revenues, profits, etc. associated with the Documentary; any claims of consent by Defendants; Defendants' intent in releasing Plaintiff's name without authorization; communications between Defendants; communications with Jason Blum; communications with producers of the Documentary; the editing process of the Documentary; Plaintiff's damages and reputational harm; etc.**

**Defendant states that the following general subjects may require discovery, while reserving all rights to all relevant discovery: Plaintiff's communications with producers of the Documentary and the named defendants; Plaintiff's communications with anyone about the Documentary; Plaintiff's communications about Dr. Cline or the subject matter of the Documentary; Plaintiff's own disclosure to others of the fact that she is Dr. Cline's child; Plaintiff's discovery of the fact that she is Dr. Cline's child; Plaintiff's desire to keep her status as a child of Dr. Cline secret and conduct related thereto; communications with other half-siblings; all public documents, articles, or posts referencing Plaintiff's name in connection with Dr. Cline; Plaintiff's reputation, her alleged damages, and the basis for claimed damages.**

**Nothing in this document or the parties' Joint Case Management Plan was intended to waive any party's right to object to discovery.**

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**The parties will describe the form in which ESI should be produced in their Proposed Case Management Order. The parties agree that discovery requests and responses may be served via email simultaneously upon all counsel of record. The parties agree that the obligation to log privileged/attorney work product records ceases as of the date of the filing of the Complaint in this matter and that privilege logs may be produced within a reasonable time after production.**

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**The parties will address a privilege claw back in their Proposed Case Management Order.**

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**If needed, the parties will discuss and may agree to a limit on the number and identity of custodians and the number and form of search terms once fulsome Requests for Production have been served and reviewed.**

**In the event that remote depositions occur in this case, the parties stipulate: (1) the court reporter must be a notary public in any jurisdiction in the United States, but not any particular jurisdiction; (2) the court reporter may administer the oath remotely; (3) all attending individuals, including the court reporter, may participate remotely; (4) nothing in this stipulation will prohibit a defending attorney from being in the same room as the**

witness, though if that occurs counsel will also be visible on the video feed; (5) the video feed may be recorded and used just as if a videographer were in the room with the witness; (6) exhibits will be displayed via screen share, sent via email, shared via electronic platform, or physically handed to the witness; and they shall also be transmitted to the court reporter for inclusion in the record; (7) this stipulation shall not be construed as any party's waiver of the right to take an in person deposition.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**The parties will file their Proposed Stipulated Case Protective Order.**

DATED: August 3, 2022

/s/Matthew T. Ciulla
Robert D. MacGill (9989-49)
Matthew T. Ciulla (34542-71)
Scott E. Murray (26885-49)
**MACGILL PC**
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
scott.murray@macgilllaw.com
*Attorneys for Plaintiff*

/s/ T. Joseph Wendt
T. Joseph Wendt
Steven M. Badger
Zachary T. Miller
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-7293
Fax: (317)231-7433
Email: jwendt@btlaw.com
Email: steve.badger@btlaw.com
Email: zachary.miller@btlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on August 3, 2022, on all counsel of record by virtue of the Court's CM/ECF System.

<u>/s/Matthew T. Ciulla</u>