UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, JANET ROE, and JANICE COE,<br><br>Plaintiffs<br><br>v.<br><br>NETFLIX, INC.; NETFLIX WORLDWIDE ENTERTAINMENT, LLC; and REALHOUSE PRODUCTIONS, LLC<br><br>Defendants | Case No. 1:22-cv-1281-TWP-MJD |

**DEFENDANTS' BRIEF IN SUPPORT OF
UNOPPOSED MOTION TO MAINTAIN FILM UNDER SEAL**

Defendants Netflix, Inc., Netflix Worldwide Entertainment, LLC, and RealHouse Productions, LLC (collectively, "Defendants"), pursuant to Local Rule 5-11(d)(2)(A), respectfully request that the Court maintain under seal the following exhibits filed by Plaintiffs as exhibits to Plaintiffs' Motion to Compel [Dkt. 82, sealed exhibits at Dkt. 83] [1]:

- Dkt. 83-1 – RealHouse Privilege Log (redactions limited to email addresses)
- Dkt. 83-2 – Deposition Excerpts of RealHouse 30(b)(6) Alexandra Reed
- Dkt. 83-3 – Email Correspondence from Alexandra Reed dated September 1, 2020[2]
- Dkt. 83-4 – Correspondence from Alexandra Reed, September 2, 2020[3]

---

[1] Defendants do not oppose the unsealing of Plaintiffs' exhibit filed as Dkt. 83-6.

[2] A redacted, public copy of the document at Dkt. 83-3 (REALHOUSE_1487) has already been filed by Defendants as Dkt. 90-1.

[3] A redacted, public copy of the document at Dkt. 83-4 (an exact duplicate of REALHOUSE_1594) has already been filed by Defendants as Dkt. 90-2.

1

- Dkt. 83-5 – Michael Petrella Privilege Log (redactions limited to email addresses).

Public filing of the above documents without redactions would reveal confidential information relative to the creative decisions that went into the making of the film "Our Father", confidential information relating to the process of making the film, and information that could affect the commercial value of the film as a creative work. Further, the above documents, if made public in unredacted form, would disclose confidential information regarding non-parties' to the litigation. For those reasons, the above unredacted documents should be maintained under seal.

## ARGUMENT

Upon a showing of "good cause," documents may be filed and maintained under seal. Fed. R. Civ. P. 26. The good-cause standard includes documents that "meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002). Once good cause for confidentiality is shown, "the Court must weigh the party's confidentiality interest against this public right to access the information." *Elder Care Providers of Indiana, Inc. v. Home Instead, Inc.*, No. 1:14-CV-01894-SEB, 2015 WL 4425679 at *2 (S.D. Ind. July 16, 2015) (citing *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984)).

There is good cause to maintain the above exhibits under seal.

*First*, preventing public access to the those exhibits is necessary to protect the film's commercial value and the confidential creative process of making the film as well as the creative decisions that went into the film. "The protection of proprietary business information … is a compelling reason to permit the filing of documents under seal." *Morawski v. Lightstorm Entm't, Inc.*, 2012 WL 12883814, at *2 (C.D. Cal. Dec. 10, 2012) (holding exhibits containing proprietary and confidential information regarding filmmakers' methodology, creative process, and other

ideas should properly be maintained under seal to protect defendants' business information and competitive standing.")

*Second*, the above documents include the identifying information and other personal information from individuals who contributed to the film but have nothing to do with this lawsuit. Finally, the 30(b)(6) deposition transcript contains plaintiffs' names, which the state court in this case have ordered must be kept under seal.

Accordingly, to prevent dissemination of the confidential information contained in the identified exhibits, Defendants request the unredacted versions of those exhibits be maintained under seal, and only the redacted versions of those exhibits be made available to the public. Defendants understand from Plaintiffs' motion that they take no position as to Defendants' request to maintain the above exhibits under seal [Dkt. 84 at ¶ 9].

## PRIVILEGE LOGS (DKTS. 83-1 AND 83-5)

Defendants request that the RealHouse and Michael Petrella privilege logs be made public only as redacted in the exhibits to this brief in support of the motion to seal. The redactions to both exhibits are made only to remove email addresses that are not otherwise public. No other redactions have been made to either document.

## STATEMENT ON OTHER REDACTIONS

As required by local rule, Defendants have previously submitted proposed redactions for the above exhibits, except for the RealHouse 30(b)(6) deposition transcript. Defendants request the entirety of that excerpt filed by Plaintiffs be maintained under seal. Given the detail provided in the excerpt regarding the creative process of making this film, the creative decisions of the filmmakers, and the proprietary business information relating to RealHouse, Defendants believe redactions would not provide adequate protection for the confidential information in that exhibit.

Defendants note that plaintiffs may have separate confidentiality concerns relative to the deposition transcript, including the appearance of plaintiffs' names.

Should the Court be inclined to disagree, Defendants respectfully request leave to submit proposed redactions to the Court on the deposition transcript excerpt at Dkt. 83-2.

## CONCLUSION

Plaintiffs' exhibits contain confidential information relating to Defendants, the creative process, and creative decisions that went into the film at issue in this case, as well as confidential information relating to non-parties. To maintain the confidentiality of that information, Defendants respectfully request that the Court grant the Motion to Maintain Documents under Seal.

Dated: February 2, 2023

Respectfully submitted,

*/s/ Alejandra Reichard*
T. Joseph Wendt
Steven M. Badger
Alejandra Reichard
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Jwendt@btlaw.com
Steve.Badger@btlaw.com
Alejandra.reichard@btlaw.com

Rachel F. Strom *(admitted pro hac vice)*
Jesse Feitel
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 402-4069
Fax: (212) 489-8340
Rachelstrom@dwt.com
Jessefeitel@dwt.com

*Attorneys for Defendants Netflix Worldwide Entertainment, LLC, Netflix, Inc., RealHouse Productions, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 2, 2023, a copy of the foregoing was filed with the Court using the Court's CM/ECF System, which sent notice of this filing to all counsel of record. All parties may access this filing via the Court's CM/ECF System.

*/s/ Alejandra Reichard*
T. Joseph Wendt