UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 1:22-cv-01281-TWP-MJD |
| | ) |
| NETFLIX, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS TO SEAL**

This matter is before the Court on several motions to seal, each of which is addressed, in turn, below.

**I. Applicable Law**

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This long-standing presumption of public access may be rebutted only under certain circumstances. *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013). Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). A party may therefore only file a document under seal if it has "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). In the Southern District of Indiana, the filing of documents under seal is governed by Local Rule 5-11.

## II. Defendants' Unopposed Motion to Maintain Film under Seal [Dkt. 64]

This case arises out of a documentary film entitled "Our Father" that is currently available to the public only by means of a subscription streaming service. The film has been filed with the Court as an exhibit to Defendants' motion for judgment on the pleadings. [Dkt. 63.] Defendants move to maintain the film under seal in its entirety to preserve its commercial value. The Court finds that request to be appropriate. Accordingly, Defendants' motion to seal, [Dkt. 64,] is **GRANTED**.

## III. Plaintiffs' Motion to Seal Appendix, Doc. 78 [Dkt. 80]

Docket Number 78 consists of a list of sealed exhibits to the declaration Plaintiffs have submitted in opposition to Defendants' motion for judgment on the pleadings. While Plaintiffs' motion states that it is seeking to maintain Docket Number 78 under seal, what it actually seeks is to maintain under seal the exhibits referenced in and attached to Docket Number 78, Docket Numbers 78-1 through 78-24. Each of those exhibits is a separate document, and Plaintiffs shall take care in the future to be precise regarding which document(s) are at issue in their motions to seal.

There are two bases for Plaintiffs' motion. First, the documents at issue contain material that has been designated as confidential by Defendants. Accordingly, pursuant to Local Rule 5-11(d)(3), Defendants have filed a brief in support of Plaintiffs' motion. [Dkt. 90.] Defendants seek to maintain all of the documents at issue under seal except Docket Numbers 78-5, 78-22, and 78-23.

With regard to Docket Numbers 78-1, 78-2, and 78-21, which are excerpts from deposition transcripts, Defendants seek to maintain them under seal in their entirety, arguing that "[g]iven the detail provided in each of these excerpts regarding the creative process of making

2

this film, the creative decisions of the filmmakers, and the proprietary business information shared by RealHouse's 30(b)(6) witness, Defendants believe redactions would not provide adequate protection for the confidential information in those exhibits." [Dkt. 90 at 4-5.] The Court's review of these documents reveals that argument to be wholly without merit. Much of the information contained in those documents does not reveal anything about either the creative process or proprietary business information. Accordingly, the request to maintain those documents under seal in their entirety is **DENIED**. If Defendants wish for portions of the documents to remain under seal, they shall file a motion to reconsider this Order, along with properly redacted versions of the documents, **within 14 days of the date of this Order**. Defendants should keep in mind that redactions must be narrowly tailored on a word-by-word basis in order to protect only the specific information that is subject to sealing, and any motion to reconsider should specifically explain why the information in any proposed redactions is sealable. Over- redaction may lead to the denial of any request to seal. [*See* Dkt. 41 ¶ VIII(A).]

Defendants have provided redacted versions of the remaining documents at issue. *See* [Dkt. 90-1 through 90-18]. While a few of the proposed redactions border on excessive, the Court finds them to be acceptable. Accordingly, Plaintiffs' motion is **GRANTED** as to Docket Numbers 78-3, 78-4, 78-6 through 78-20, and 78-24.

The second ground for Plaintiffs' motion is that Plaintiffs themselves wish to maintain the names of Plaintiffs and similarly-situated non-parties, which appear in many of the documents at

issue, under seal.[1] Inasmuch as Plaintiffs have been granted leave to proceed anonymously in this case, that is an appropriate request. Plaintiffs have provided a redacted version of Docket Number 78-22, [Dkt. 92-1], and Plaintiffs' motion is **GRANTED** as to that document. Plaintiffs appear to be satisfied with Defendants' proposed redactions as to the remaining documents.[2]

### IV. Plaintiffs' Motion to Seal [Dkt. 81]

Plaintiffs also have filed a motion to seal Docket Number 79, [Dkt. 81], which Plaintiffs themselves oppose. Defendants do not oppose the unsealing of Docket Number 79 and accordingly have filed a statement authorizing its unsealing as required by Local Rule 5-11(d)(3). [Dkt. 91.] Accordingly, Plaintiffs' motion is **DENIED** as to Docket Number 79.

### V. Plaintiffs' Motion to Seal [Dkt. 84]

Finally, Plaintiffs have filed a motion to seal what they incorrectly refer to as Docket Number 83. [Dkt. 84.] What they actually move to seal are the exhibits attached to Docket Number 83. *See* [Dkt. 83-1 through 83-6].

Defendants have filed a brief in support of the motion in which they authorize the unsealing of Docket Number 83-6.[3] Accordingly, Plaintiffs' motion is **DENIED** as to that

---

[1] The Court notes that Plaintiffs' motion contains the statement "Defendants should not be allowed to continue to propagate their victimization of the Secret Children by releasing their names once again, this time via the Court's Docket." [Dkt. 80 at 2]; *see also* [Dkt. 84 at 1.] The accusatory tone of this statement is somewhat perplexing, given that Plaintiffs, not Defendants, have filed the documents in question and Defendants have never objected to maintaining the anonymity of the relevant individuals. Plaintiffs counsel would do well to moderate their tone in future filings.

[2] In the event that Defendants do not move to reconsider this Order and provide appropriately redacted versions of Document Numbers 78-1, 78-2, and 78-21, these documents will not be unsealed until Plaintiffs are given the opportunity to provide redacted versions of them to remove the relevant names.

[3] Plaintiffs' motion also includes a request that their names and those of similarly-situated non-parties be maintained under seal. The Court does not believe that any of the documents at issue

document. Defendants have filed appropriately redacted versions of Docket Numbers 83-1 and 83-5, *see* [Dkt. 94-1 and 94-2], and Plaintiffs' motion is **GRANTED** as to those documents. The documents contained in Docket Numbers 83-3 and 83-4 were addressed above, as they are the same as Docket Numbers 78-3 and 78-4; appropriately redacted versions of those documents can be found at Docket Numbers 90-1 and 90-2. Accordingly, Plaintiffs' motion is **GRANTED** as to those documents as well. The document found at Docket Number 83-2 is the same deposition excerpt addressed above as Docket Number 78-1; Defendants shall address it in the motion to reconsider ordered above.

### VI. Conclusion

For the reasons set forth above, Defendants' Unopposed Motion to Maintain Film under Seal [Dkt. 64] is **GRANTED**; Plaintiffs' Motion to Seal Appendix, Doc. 78, [Dkt. 80], is **GRANTED IN PART** and **DENIED IN PART**; Plaintiffs' Motion to Seal, [Dkt. 81], is **DENIED**; and Plaintiffs' Motion to Seal, [Dkt. 84], is **GRANTED IN PART** and **DENIED IN PART**. **The Clerk shall maintain the following documents under seal permanently:** Docket Number 63 (the manual filing of the film); Docket Numbers 78-3, 78-4, 78-6 through 78-20, 78-22, and 78-24; and Docket Numbers 83-1, and 83-3 through 83-5. The Clerk shall **UNSEAL** Docket Numbers 78-5, 78-23, 79, and 83-6. The Clerk also shall **UNSEAL** Docket Numbers 78 and 83, which are simply lists of exhibit numbers which have no need to be sealed.

---

in the motion require any redactions in addition to those proposed by Defendants in order to protect the anonymity of those individuals; if they do, Plaintiffs shall file a motion to reconsider this Order, along with their proposed redacted versions of the documents, **within fourteen days**.

If Defendants wish for portions of Document Numbers 78-1, 78-2, 78-21, and 83-2 to remain under seal, they shall file a motion to reconsider this Order, along with properly redacted versions of those documents, **within 14 days of the date of this Order**.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Federal Rule of Civil Procedure 72(a) objection, a motion to reconsider, an appeal, or further court order.

Dated:  6 FEB 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.