UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:22-cv-01281-TWP-MJD |
| | ) |
| NETFLIX, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| 23andMe, Inc., | ) |
| | ) |
| Interested Party. | ) |

**ORDER ON MOTIONS MOTION TO SEAL**

This matter is before the Court on Defendants' Motion to Maintain Documents Under Seal, [Dkt. 187]. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART,** and **TAKEN UNDER ADVISEMENT IN PART**.

## I.      Discussion

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht, 622 F.3d 697, 701 (7th Cir. 2010)*. This long-standing presumption of public access may be rebutted only under certain circumstances. *Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 832 (7th Cir. 2013)*. Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002)*. A party may therefore only file a document under seal if it has "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati*

Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). In the Southern District of Indiana, the filing of documents under seal is governed by Local Rule 5-11.

On October 4, 2023, Defendants filed the instant motion, seeking to maintain Docket Nos. 184, 185-1, 185-2, 185-3, 185-4, 185-5, 185-6, 185-7, 185-8, 185-9, 185-10, 185-11, 185-12, 185-13, 185-14, 185-15, 185-16, 185-17, 185-18, 185-19, 185-20, 185-21, 185-22, 185-23, 185-24, 185-25, and 185-26 under seal. [Dkt. 187.] In their motion, Defendants identified Plaintiffs and Non-Party 23andMe, Inc ("23andMe") as the designating parties pursuant to Local Rule 5-11(d)(2)(A). In the instant motion and Supplemental Briefs in Support, the parties provide a chart outlining the documents in which they seek to maintain under seal, and the designated parties for each document.

**A. 23andMe**

As the designating party for Docket Nos. 185-5, 185-8, and 185-10, 23andMe filed a Brief in Support on October 18, 2023. [Dkt. 191.] In its Brief, 23and Me stated that it withdraws its confidential designation on Docket Nos. 185-8 and 185-10, and only wishes to maintain Docket No. 185-5 under seal.

With regard to Docket No. 185-10, although 23andMe withdrew its confidential designation, Plaintiffs have provided an appropriately redacted version of the document along with its Brief in Support, and wishes to maintain the document under seal. The information Plaintiffs seek to protect is properly sealable and the motion to seal is **GRANTED** as to Docket No. 185-10.

No party appears to request the sealing of Docket No. 185-8, nor do they provide a redacted version of the document. As such, the motion to seal is **DENIED** as to Docket No. 185-8.

23andMe argues that Docket No. 185-5 contains highly confidential information that could allow its competitors to gain insight into 23andMe's business decisions and analysis. Additionally, it argues that the document contains confidential information relating to people involved in this matter.

While the Court agrees that the document contains some sensitive information, 23andMe has failed to comply with Local Rule 5-11(d) and file a redacted version of Docket No. 185-5. The Court cannot review this motion until 23andMe has complied with the applicable rule and filed a redacted copy of this document. 23andMe is reminded of the Court's admonition that "[o]ver-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal." [Dkt. 35.]  Redactions should be very limited to only the specific words required to protect the information that may be properly sealed.  **Within ten days of the date of this Order**, 23andMe is ordered to file a properly redacted version of Docket No. 185-5. Until then, the Court takes Defendant's motion [Dkt. 187] **UNDER ADVISEMENT** as it relates to Docket No. 185-5.

### B. Plaintiffs

As the designating parties for Docket Nos. 184, 185-1, 185-2, 185-3, 185-4, 185-5, 185-6, 185-7, 185-9, 185-11, 185-12, 185-13, 185-14, 185-15, 185-16, 185-17, 185-18, 185-19, 185-20, 185-21, 185-22, 185-23, 185-24, 185-25, and 185-26, Plaintiffs filed a Brief in Support on October 19, 2023. [Dkt. 192.] In their Brief, Plaintiffs state that the publication of these documents in an un-redacted version would result in further privacy violations to Plaintiffs. Each of these documents is addressed, in turn, below.

Before turning to the merits, however, the Court notes that Plaintiffs failed to comply with Local Rule 5-6(a)(2), which requires that each electronically filed exhibit be "given a title which describes its content."  In the context of a motion to seal, that means that each exhibit to

3

Plaintiffs' brief should have been named on the docket so as to identify which document it was a redacted version of. For example, instead of attachment number 1 being named "A," it should have been named "Redacted Version of Dkt. 184." All parties shall take care to comply with this rule in the future.

### a. Docket No. 185-17

Plaintiffs are listed as a designating party for Docket No. 185-17. In their Brief in Support, Plaintiffs do not attach a redacted version of the document, nor do they appear to wish to maintain the document under seal, as the document is not listed in their chart. Accordingly, the motion to seal with regard to Docket No. 185-17 is **DENIED**.

### b. Docket Nos. 185-1, 185-2, 185-4, 185-6, 185-11, 185-23, and 185-24

Plaintiffs have submitted redacted versions of Docket Nos. 185-1, 185-2, 185-4, 185-6, 185-11, 185-23, and 185-24. However, these documents are over-redacted. Plaintiffs are reminded that sealing documents is the exception, not the rule; the category of information that is sealable is narrow, and redactions should be done on a **word-by-word basis** to ensure the **minimum** amount of redaction necessary to protect the **specific words** that are subject to being sealed. Accordingly, due to the over-redaction of the documents, the motion to seal with regard to Docket Nos. 185-1, 185-2, 185-4, 185-6, 185-11, 185-23, and 185-24 is **DENIED.**

### c. Docket Nos. 184, 185-3, 185-7, 185-9, 185-12, 185-13, 185-14, 185-15, 185-16, 185-18, 185-19, 185-20, 185-21, 185-22, 185-25, and 285-26

With regard to the documents listed above, the Court finds that Plaintiffs have shown good cause for its requested redactions, as the redactions provided on those documents are limited and only redact the necessary information. Accordingly, the motion to seal is **GRANTED** as to Docket Nos. 184, 185-3, 185-7, 185-9, 185-12, 185-13, 185-14, 185-15, 185-16, 185-18, 185-19, 185-20, 185-21, 185-22, 185-25, and 185-26.

## II. Conclusion

For the reasons set forth above, Defendants' Motion to Maintain Documents Under Seal, [Dkt. 187] is **GRANTED IN PART** and **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**.

Defendants' motion with regard to Docket Nos. 184, 185-3, 185-7, 185-9, 185-10, 185-12, 185-13, 185-14, 185-15, 185-16, 185-18, 185-19, 185-20, 185-21, 185-22, 185-25, and 185-26 is **GRANTED**, and the **Clerk is directed to PERMANENTLY SEAL Docket Nos. 184, 185-3, 185-7, 185-9, 185-10, 185-12, 185-13, 185-14, 185-15, 185-16, 185-18, 185-19, 185-20, 185-21, 185-22, 185-25, and 285-26.**

Defendant's motion with regard to Docket Nos. 185-1, 185-2, 185-4, 185-6, 185-8, 185-11, 185-23, and 185-24 is **DENIED**, and the **Clerk is directed to UNSEAL Docket Nos. 185-1, 185-2, 185-4, 185-5, 185-6, 185-8, 185-11, 185-17, 185-23, and 185-24.**

Defendant's motion with regard to Docket No. 185-5 is taken **UNDER ADVISEMENT, and 23andMe is ordered to file a properly redacted version of Docket No. 185-5 within ten days of the date of this Order.**

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated: 30 OCT 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.