UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SARAH BOWLING,                          )
LORI KENNARD,                           )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )    No. 1:22-cv-01281-TWP-MJD
                                        )
NETFLIX, INC.,                          )
NETFLIX WORLDWIDE ENTERTAINMENT,        )
LLC,                                    )
REALHOUSE PRODUCTIONS, LLC,             )
                                        )
            Defendants.                 )
                                        )

## ORDER GRANTING MOTION TO EXCLUDE
## UNDISCLOSED EXPERT TESTIMONY

This matter is before the Court on Defendants Netflix, Inc., Netflix Worldwide

Entertainment, LLC, and RealHouse Productions, LLC's (collectively, "Defendants") Motion to

Exclude Undisclosed Expert Testimony of Plaintiffs' Therapists (Filing No. 248). Plaintiffs Sarah

Bowling and Lori Kennard (collectively, "Plaintiffs") allege the Defendants disclosed their private

identities as children of Dr. Donald Cline without their consent. At trial, Plaintiffs intend to offer

testimony from their treating therapists regarding their alleged emotional distress. Defendants

move to preclude Plaintiffs' therapists from offering expert testimony as to the cause of that

distress. For the following reasons, Defendants' Motion to Exclude is **granted**.

## I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on

motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court

excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any

purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

## II.    DISCUSSION

Defendants assert that Plaintiffs intend to present lay testimony from their therapists as to their treatment of Plaintiffs (which Defendants do not oppose) *and* expert testimony as to the cause of Plaintiffs' alleged emotional distress. Plaintiffs did not disclose any of the therapists as expert witnesses pursuant to Federal Rule of Civil Procedure 26, so Defendants argue that the therapists should be precluded from offering expert testimony. Fed. R. Civ. P. 37(c)(1). In response, Plaintiffs confirm they "did not offer any therapists as an expert witness in this case" and only intend to elicit testimony about the facts and circumstances of the therapists' treatment of Plaintiffs (Filing No. 252). Because Plaintiffs agree that the therapists were not disclosed as expert witnesses, and they do not intend to elicit expert testimony from the therapists, Defendants' Motion is unopposed and should be **granted**.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Exclude Undisclosed Expert Testimony of Plaintiffs' Therapists (Filing No. 248). An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes

relevant or otherwise admissible during the trial, counsel may request a hearing outside the

presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during

the trial, counsel may raise specific objections to that evidence.

      **SO ORDERED**.

      Date:   9/30/2024

                                     Hon. Tanya Walton Pratt, Chief Judge
                                     United States District Court
                                     Southern District of Indiana

Distribution:

Brad Dennis Brian
Munger, Tolles & Olson LLP
brad.brian@mto.com

J. Benjamin Broadhead
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ben.broadhead@faegredrinker.com

Matthew Thomas Ciulla
MACGILL PC
matthew.ciulla@macgilllaw.com

Jesse Feitel
DAVIS WRIGHT TREMAINE LLP
jessefeitel@dwt.com

Robert D. MacGill
MACGILL PC
robert.macgill@macgilllaw.com

Craig Ray Martin
Greenberg Traurig
Craig.Martin@gtlaw.com

Sara A McDermott
Munger, Tolles & Olson LLP
sara.mcdermott@mto.com

Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
andrea.pierson@faegredrinker.com

Rachel Strom
Davis Wright Tremaine LLP
rachelstrom@dwt.com

T. Joseph Wendt
Barnes & Thornburg LLP
jwendt@btlaw.com

Blanca Young
Munger, Tolles & Olson LLP
blanca.young@mto.com