UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH BOWLING, <br> LORI KENNARD, <br><br> Plaintiffs, <br><br> v. <br><br> NETFLIX, INC., <br> NETFLIX WORLDWIDE ENTERTAINMENT, LLC, <br> REALHOUSE PRODUCTIONS, LLC, <br><br> Defendants. | Case No. 1:22-cv-01281-TWP-MJD |

### ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on November 6, 2024, held at the Indianapolis Courthouse. Plaintiffs Sarah Bowling and Lori Kennard (together, "Plaintiffs") appeared by counsel Robert MacGill, Matthew Ciulla, Jordan Cecelia Satterthwaite, and Mackenzie Thompson. Defendants Netflix, Inc., Netflix Worldwide Entertainment, LLC, and RealHouse Productions, LLC appeared in person by counsel Brad Brian, Blanca Young, Andrea Roberts Pierson, and via telephone by counsel Sara McDermott and Andrew Nguyen. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed, and the following rulings were made and directions given pursuant to Trial Rule 16.

1. The jury trial of this matter is scheduled to commence on **Monday, December 2, 2024**, at the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. Plaintiffs' invasion of privacy claims against Defendants will be tried.

2. The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimonies.

a. Plaintiffs presented a list of twenty-seven named witnesses and discussed the expected testimony of potential witnesses (Filing No. 280). Plaintiffs confirmed their intent to call the following eighteen witnesses: Plaintiff Sarah Bowling, Marcus Bowling, Plaintiff Lori Kennard, Jared Kennard, Laura DiSalvo, Timothy Mizrahi, Joelle Hughes (née Shapiro), Zana Lawrence, Alexandra Reed, Nathan Rotmensz, Michael Petrella, Lucie Jourdan, Jacquie Cooke, Alonzo Wickers, James Davis, Amy Strobel, Sarah Sexson, Nathaniel E. Frank-White. Plaintiffs' witness list states that they may call several witnesses live or by deposition. Plaintiffs were ordered to notify the Court and Defendants by **Friday, November 15, 2024**, which witnesses will be offered live, and which will be offered by deposition.

Defendants filed several Motions *in Limine* related to the scope of testimony of Plaintiffs' potential witnesses, which the Court ruled on at Filing No. 345. Defendants also filed a Motion to Strike eight witnesses whom Plaintiffs no longer intend to call, so the Court denied the Motion to Strike as moot at Filing No. 349.

Defendants' Motion to permit Zana Lawrence to testify via Zoom (Filing No. 344), was orally **granted**. Plaintiffs proposed taking a trial deposition of Ms. Lawrence in lieu of trial testimony, and the parties advised that they will continue discussing this option. The Court **ordered** the parties to notify the Courtroom Deputy Clerk no later than **Wednesday, November 27, 2024**, whether Ms. Lawrence will testify via Zoom or by deposition.

b. Defendants presented a list of fifteen witnesses (Filing No. 290). Counsel confirmed their intent to call the following witnesses: Alexandra Reed (by deposition), Alonzo Wickers, James Davis, Jacquie Cooke, Jared Kennard, Jerry Blake, Joelle Hughes

(née Shapiro), Jonah Berger, Kahlid El-Sayed, Laura DiSalvo, Lucie Jourdan, Michael Petrella, Stephen Lanham, Timothy Mizrahi, and Zana Lawrence.

Defendants will notify Plaintiffs no later than **Friday, November 15, 2024**, to advise whether they will call Jonah Berger as a witness. Defendants do not intend to call Alonzo Wickers live but will produce Mr. Wickers if Plaintiffs wish to call him live. As stated above, Plaintiffs must notify Defendants whether they intend to call Mr. Wickers live by no later than **November 15, 2024**.

    c.    To avoid calling non-party witnesses twice, the Court will allow the parties to conduct direct and cross examinations the first time a non-party witness is called. If necessary, the Court will allow the parties to call witnesses out of order to accommodate out-of-state witnesses. The Court discourages the parties from calling cumulative witnesses.

3.    The Court conducted a general review of the exhibits for trial.

    a.    Plaintiffs submitted a list of several exhibits (Filing No. 293-1). Defendants filed several Motions *in Limine* related to the admissibility of Plaintiffs' anticipated exhibits, which the Court ruled on at Filing No. 345. Defendants also filed a Motion to Strike and Motion to Exclude portions of Plaintiffs' exhibit list (Filing No. 305; Filing No. 332). Plaintiffs advised the Court that they intend to narrow their exhibit list and deposition designations and will file revised lists no later than **Wednesday, November 13, 2024**. The Court therefore denied the Motion to Strike and Motion to Exclude as moot at Filing No. 349. The parties were **directed** to continue discussing efforts to narrow the list of exhibits for trial and potentially expand the parties' joint exhibit list.

   b.  Defendants submitted a list of several exhibits (Filing No. 297). Plaintiffs filed written objections to Defendants' exhibit list at Filing No. 329. Plaintiffs also filed an Omnibus CMP ¶ VIII(B)(1-2) Motion (Filing No. 327), which will be ruled on shortly.

   c.  The parties are to provide two (2) flash drives containing electronic copies of their exhibits to the Courtroom Deputy Clerk by **12:00 p.m.[1] on Wednesday, November 27, 2024**. The parties also are to provide two (2) hard copies of their exhibit binders to the Courtroom Deputy Clerk by **12:00 p.m. on Wednesday, November 27, 2024**.

  4.  The Court discussed pending motions. The parties filed motions for separation of witnesses (Filing No. 324; Filing No. 331), which the Court **granted**. The parties are to instruct their witnesses to report to Room #346. The parties also are to instruct their witnesses to not discuss their testimony either before or after it is given.

  Defendants orally requested that witnesses who have been dismissed be allowed to remain in the Courtroom for the remainder of trial. Defendants confirmed that they will not recall these witnesses, and Plaintiffs did not oppose the request. The Court orally **granted** Defendants' request.

  The parties' pending motions to maintain under seal have been referred to the Magistrate Judge and will be ruled on shortly.

  5.  The Court noted that the parties participated in a private mediation on November 4, 2024. The parties are encouraged to continue discussing the possibility of settlement.

  6.  The Court discussed *voir dire* and the jury.

   a.  Counsel may obtain a copy of the responses to juror questionnaires from the Courtroom Deputy Clerk at **12:00 p.m. on Wednesday, November 27, 2024**. The

---

[1] All times noted in this Order are in Eastern Standard Time.

questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

      b.      A panel of approximately thirty-three (33) prospective jurors will be called, and a jury of eight (8) and no alternates will be empaneled. The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by the parties, after which counsel will have up to ten (10) minutes per side for any follow-up questions. Challenges for cause will be made using the ListenTalk equipment. After challenges for cause are resolved, the parties will each have three (3) peremptory challenges, which shall be exercised simultaneously and in writing. There will be no backstriking.

      c.      The Court informed the parties that, during the trial, it will allow jurors to submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association. The parties had no objection to these procedures.

      d.      Plaintiffs filed proposed *voir dire* (Filing No. 277) consisting of seven questions, many of which are covered by the Court's standard *voir dire*. Defendants did not file any written objections to Plaintiffs' proposed *voir dire*.

      e.      Defendants filed proposed *voir dire* (Filing No. 291) consisting of seventeen questions, many of which are covered by the Court's standard *voir dire*. Plaintiffs filed written objections to Defendants' proposed *voir dire* (Filing No. 326), which are **taken under advisement**.

7.      The Court discussed opening statements. Each side will have up to thirty (30) minutes for opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence. The parties shall advise and share with one another any

demonstrative exhibits they intend to use during opening statements no later than **Friday November 22, 2024**. Any objections to demonstrative exhibits must be filed by **Monday, November 25, 2024**, so that any objections may be resolved before the opening statements.

    8. The Court discussed jury instructions and the joint issue instruction:

        a. Plaintiffs filed proposed preliminary instructions at Filing No. 283, and Defendants filed proposed preliminary instructions at Filing No. 287. The Court will use its own preliminary jury instructions and may incorporate proposed instructions submitted by the parties. The Court's preliminary jury instructions will be emailed to counsel no later than **Friday, November 22, 2024**. Counsel will have until **5:00 p.m. on Monday, November 25, 2024**, to file any objections to the preliminary jury instructions with the Court.

        The parties filed a joint proposed issue instruction at Filing No. 309, page 68. Defendants object to the use of Plaintiffs' first names in the joint proposed issue instruction and request that Plaintiffs' last names be used instead. The Court **agrees.** Defendants' objection is sustained and the joint proposed issue instruction will to refer to Plaintiffs as "Ms. Bowling" and "Ms. Kennard". The joint proposed issue instruction, as modified, will be included in the preliminary instructions.

        b. The parties filed joint proposed final jury instructions at Filing No. 309, with competing instructions and objections noted throughout, and a proposed joint issue instruction on page 68. The parties submitted competing verdict forms filed for the Court's consideration at Filing No. 288 and Filing No. 304. The Court will settle final jury instructions and verdict forms on the last day of trial after the close of evidence. The parties are **directed** to meet and try to agree on a joint verdict form.

9. The parties filed two stipulations regarding authenticity, hearsay, and foundation at Filing No. 175 and Filing No. 222. Plaintiffs advised the Court that they have sent additional proposed factual stipulations to Defendants. The Court **directed** the parties to meet and confer to try to agree upon these additional factual stipulations and to file any stipulations no later than **Thursday, November 14, 2024**.

10. The Court reviewed the parties' deposition designations.

 a. Plaintiffs filed deposition designations at Filing No. 279. Defendants filed their written objections and counter-designations at Filing No. 332. Defendants also filed several Motions *in Limine* that moved to exclude certain designated deposition testimony, which the Court ruled on at Filing No. 345. Defendants further filed a Motion to Strike and Motion to Exclude portions of Plaintiffs' designated deposition testimony (Filing No. 305; Filing No. 332). At the final pretrial conference, Plaintiffs advised the Court that they intend to narrow their exhibit list and deposition designations and will file revised lists no later than **Wednesday, November 13, 2024**, so the Court denied the Motion to Strike and Motion to Exclude as moot at Filing No. 349. The parties were **directed** to continue discussing efforts to narrow the list of deposition designations for trial.

 b. Defendants filed deposition designations at Filing No. 281. Plaintiffs filed objections to Defendants' designations in their Omnibus CMP ¶ VIII(B)(1-2) Motion (Filing No. 327), which will be ruled on shortly. Plaintiffs also filed counter-designations at Filing No. 323.

 c. Defendants have agreed to prepare a chart that the Court may use to rule on the parties' objections to deposition designations. Once parties have narrowed their lists of deposition designations, the parties are **directed** to meet and confer about an agreed version

of the chart, and to email their agreed version to the Courtroom Deputy Clerk by no later than **Thursday November 14, 2024**.

11. The parties filed notices of intent to use of the Court's Video Evidence Presentation System ("VEPS") at [Filing No. 276](Filing No. 276) and [Filing No. 282](Filing No. 282). To avoid passing any documents, the Court's VEPS system will be used for presentation of evidence during trial. Counsel should schedule training on the VEPS system with the Courtroom Deputy Clerk before trial.

12. The trial is scheduled to begin on **Monday, December 2, 2024**, in the Indianapolis Courthouse, Courtroom #344, and is set for four (4) days. On the first day of trial, doors to the courtroom will be unlocked at **7:30 a.m.** Counsel and parties must report no later than **8:00 a.m.** The venire are scheduled to arrive at **8:30 a.m.**, and jury selection will begin promptly at **9:00 a.m.**

13. Counsel should review Chief Judge Pratt's "Courtroom Procedures and Trial Practice" ([Filing No. 125](Filing No. 125)) before the start of trial.

14. Plaintiffs orally requested permission to read requests for admissions and answers to interrogatories into the record before calling their first witness. In response, Defendants orally requested that if the parties are unable to agree to factual stipulations that apply to these discovery materials, that Plaintiffs share their proffered requests for admissions and answers to interrogatories with Defendants no later than **Monday, November 25, 2024**. The Court **granted** Defendants' oral request. Plaintiffs' oral request to read the discovery materials was **taken under advisement**.

15. Both parties orally requested the use of rooms in the Courthouse throughout trial, which the Court **granted**. The Court will arrange for rooms for the parties' use and will arrange for the parties to be permitted to bring cases of bottled water into the Courthouse.

16. The Court **directed** the parties to submit a list of any non-attorney team members who will need access to their cellular telephones or computers during the trial to the Courtroom Deputy Clerk.

17. Thereafter, no further discussion was held, and the conference was adjourned.

**SO ORDERED**.

Date: 11/13/2024 _____

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jordan Cecelia Satterthwaite
MACGILL PC
cecelia.shaulis@macgilllaw.com

Mackenzie Thompson
MACGILL PC
mackenzie.thompson@macgilllaw.com

Matthew Thomas Ciulla
MACGILL PC
matthew.ciulla@macgilllaw.com

Robert D. MacGill
MACGILL PC
robert.macgill@macgilllaw.com

Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
andrea.pierson@faegredrinker.com

Andrew T. Nguyen
MUNGER, TOLLES & OLSON LLP
andrew.nguyen@mto.com

Blanca Young
MUNGER, TOLLES & OLSON LLP
blanca.young@mto.com

Brad Dennis Brian
MUNGER, TOLLES & OLSON LLP
brad.brian@mto.com

J. Benjamin Broadhead
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ben.broadhead@faegredrinker.com

Jesse Feitel
DAVIS WRIGHT TREMAINE LLP
jessefeitel@dwt.com

Kristina Ann Coleman
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
kristina.coleman@faegredrinker.com

Rachel Strom
DAVIS WRIGHT TREMAINE LLP
rachelstrom@dwt.com

Sara A McDermott
MUNGER, TOLLES & OLSON LLP
sara.mcdermott@mto.com

William M. Orr
MUNGER, TOLLES & OLSON LLP
william.orr@mto.com

Craig Ray Martin
GREENBERG TRAURIG
craig.Martin@gtlaw.com