UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH BOWLING, <br> LORI KENNARD, <br><br> Plaintiffs, <br><br> v. <br><br> NETFLIX, INC., <br> NETFLIX WORLDWIDE ENTERTAINMENT, LLC, <br> REALHOUSE PRODUCTIONS, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:22-cv-01281-TWP-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER GRANTING DEFENDANTS' MOTION IN *LIMINE* NO. 12

This matter is before the Court on a Motion in *Limine* to Preclude Evidence and Argument Relating to Plaintiffs' Physical Injuries filed by Defendants Netflix, Inc., Netflix Worldwide Entertainment, LLC, and RealHouse Productions, LLC (collectively, "Defendants") (Filing No. 388). Plaintiffs Sarah Bowling ("Ms. Bowling") and Lori Kennard ("Ms. Kennard") (together, "Plaintiffs") initiated this lawsuit alleging Defendants tortiously disclosed their identities as children of Dr. Donald Cline to millions of people on social media and on Netflix's streaming platform in the documentary "*Our Father*" (the "Film"). Plaintiffs' invasion of privacy claims against Defendants are set to be tried by a jury on December 2, 2024. Defendants recently filed the instant motion seeking preliminary rulings from the Court regarding the admissibility of evidence of Plaintiffs' alleged physical injuries. For the following reasons, Defendants' Motion in *Limine* No. 12 is **granted**.

### I.   LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The

Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

## II.   DISCUSSION

On Monday, November 25, 2024, one week before the start of trial, Plaintiffs served supplemental answers to Defendants' interrogatories asking about their alleged damages. Plaintiffs' earlier interrogatory answers, dated December 2022, alleged only emotional damages, but their November 2024 answers add various physical injuries, physical manifestations of emotional injuries, and references to prescription medications (Filing No. 389-3 at 31–32; Filing No. 389-4 at 31–32). Ms. Bowling's November 2024 answers identify the following "physical injuries": "extreme fatigue; tingling and pain in extremities; [and] muscular pain throughout her body." (Filing No. 388-1 at 13.) Her November 2024 answers also add that she "is pursuing approval for a prescription of Ocrevus." *Id.* at 14. Ms. Kennard's November 2024 answers add the following alleged injuries: "additional medication with side effects; . . . restlessness and inability to relax; . . . [and] crying." (Filing No. 388-2 at 13.)

Defendants argue that Plaintiffs' supplemental interrogatory answers are untimely and unfairly prejudicial, and Plaintiffs should be precluded from testifying about their newly alleged physical injuries (Filing No. 388 at 2–3). Defendants also argue that evidence of Plaintiffs' alleged physical injuries are irrelevant because there is no lay or expert evidence tending to show that Defendants' alleged conduct caused these injuries. *Id.* at 4–6.

In response, Plaintiffs argue that Defendants have known about their alleged physical injuries for several months. Specifically, Plaintiffs contend that Defendants knew about Ms. Bowling's multiple sclerosis diagnosis and the associated symptoms and medications, and they knew that Ms. Kennard takes medications (Filing No. 391 at 1). Plaintiffs expect that Defendants' expert witnesses will testify that Ms. Bowling's alleged injuries were caused by her multiple sclerosis, and not Defendants' conduct, and that Ms. Kennard's use of prescription medications is not related to the Film. *Id.* at 6, 9. Plaintiffs argue that Defendants should not be permitted to use this evidence to oppose Plaintiffs' damages claims while preventing them from testifying about their own "lived experience[s]." *Id.*

The Court agrees with Defendants that Plaintiffs' disclosure of alleged physical injuries was untimely and neither substantially justified nor harmless. Although Defendants previously knew about Plaintiffs' conditions, diagnoses, symptoms, medications, and/or side effects, Defendants did *not* know that Plaintiffs attribute those conditions, diagnoses, symptoms, medications, and/or side effects to Defendants' alleged conduct. Stated differently, Defendants knew about Plaintiffs' physical conditions but did not know, until Monday—one week before trial—that Plaintiffs are alleging those conditions are compensable injuries. Plaintiffs offer no justification for waiting until the eve of trial to disclose that they intend to seek recovery for these alleged physical injuries.

Plaintiffs' late disclosure is also not harmless. As Defendants note, it would be impractical to arrange for supplemental depositions before trial, particularly because of the intervening Thanksgiving holiday. And even if Plaintiffs could be deposed on short notice, Defendants would be deprived of the opportunity to conduct additional relevant discovery. Defendants' earlier discovery might have revealed the details of Plaintiffs' medical conditions, but that discovery would not have addressed the causation of those conditions because, at the time, Plaintiffs had not alleged that their conditions were caused (or aggravated) by Defendants' conduct. Defendants would be unfairly prejudiced if they were forced to defend against allegations that they caused Plaintiffs' physical injuries without having had the opportunity to conduct discovery on the causation issue. Plaintiffs' therefore may not offer evidence or argument about the alleged physical injuries disclosed in their November 2024 interrogatory answers. Fed. R. Civ. P. 37(c)(1), (b)(2)(A)(ii).

The Court lastly addresses Plaintiffs' fairness argument. Plaintiffs contend that allowing Defendants to offer evidence that their physical conditions caused their alleged emotional damages, without allowing Plaintiffs to testify about their "lived experience[s]" with their physical conditions would "cause[] exactly the type of 'sword and shield' problem that this Court has consistently prohibited throughout this lawsuit." *Id.* at 6 (quoting Filing No. 1-4 at 10 (discussing attorney-client privilege)). The "sword and shield" doctrine does not apply here. That doctrine prohibits a party from "plac[ing] an issue before the trier of fact and then assert[ing] a privilege to prohibit the introduction of evidence regarding that issue." *Madden v. Ind. Dep't of Transp.*, 832 N.E.2d 1122, 1128 (Ind. Ct. App. 2005). At trial, Defendants intend to raise the issue of whether Defendants' conduct caused Plaintiffs' alleged *emotional injuries*, and Defendants do not seek to prevent Plaintiffs from offering evidence of what caused their emotional injuries. Plaintiffs, by

4

contrast, seek to raise a second, different issue; whether their *physical conditions* were caused by Defendants' conduct. Defendants may seek to prohibit Plaintiffs from raising this second issue without running afoul of the "sword and shield" doctrine. Because evidence of Plaintiffs' "lived experience[s]" with their physical conditions is not relevant to showing whether Defendants' conduct caused Plaintiffs' emotional damages, Defendants may also seek to preclude that evidence.

Plaintiffs did not timely disclose their alleged physical injuries, so they may not offer evidence or argument supporting a claim for those alleged physical injuries. However, to clarify, either party may offer evidence or argument about Plaintiffs' conditions, diagnoses, symptoms, prescriptions, and/or side effects to support or oppose Plaintiffs' timely-disclosed claim for emotional damages.

### III.   CONCLUSION

For the reasons discussed above, Defendants' Motion in *Limine* No. 12 (Filing No. 388) is **GRANTED**. An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date: 11/27/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jordan Cecelia Satterthwaite
MACGILL PC
cecelia.shaulis@macgilllaw.com

Mackenzie Thompson
MACGILL PC
mackenzie.thompson@macgilllaw.com

Matthew Thomas Ciulla
MACGILL PC
matthew.ciulla@macgilllaw.com

Robert D. MacGill
MACGILL PC
robert.macgill@macgilllaw.com

Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
andrea.pierson@faegredrinker.com

Andrew T. Nguyen
MUNGER, TOLLES & OLSON LLP
andrew.nguyen@mto.com

Blanca Young
MUNGER, TOLLES & OLSON LLP
blanca.young@mto.com

Brad Dennis Brian
MUNGER, TOLLES & OLSON LLP
brad.brian@mto.com

J. Benjamin Broadhead
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ben.broadhead@faegredrinker.com

Jesse Feitel
DAVIS WRIGHT TREMAINE LLP
jessefeitel@dwt.com

Kristina Ann Coleman
FAEGRE DRINKER BIDDLE & REATH LLP
kristina.coleman@faegredrinker.com

Rachel Strom
DAVIS WRIGHT TREMAINE LLP
rachelstrom@dwt.com

Sara A McDermott
MUNGER, TOLLES & OLSON LLP
sara.mcdermott@mto.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com

William M. Orr
MUNGER, TOLLES & OLSON LLP
william.orr@mto.com

Craig Ray Martin
GREENBERG TRAURIG
Craig.Martin@gtlaw.com