UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH BOWLING, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:22-cv-01281-TWP-MJD |
| NETFLIX, INC., et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER ON MOTIONS TO SEAL**

This matter is before the Court on Defendants' Motion to Maintain Documents Under Seal in Connection with Defendants' Motion in Limine and Trial Brief, [Dkt. 294], and Defendants' Motion to Seal Documents in Connection with Defendants' Response to Plaintiff's Omnibus CMP ¶ VIII(B)(1-2) Motion, [Dkt. 342]. For the reasons set forth below, both motions are **DENIED**.

### I.  Applicable Law

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013)

Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover, simply designating information as confidential is insufficient to permit under-seal filing, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(1)(D).

## II. Docket No. 294

On October 23, 2024, Defendants filed their Motion to Maintain Documents Under Seal in Connection with Defendants' Motion in Limine and Trial Brief, seeking to maintain Docket Nos. 286, 286-1, 286-2, 286-3, 286-4, 286-5, 286-6, 286-7, 286-8, 286-9, 286-10, 286-11, 286-12, 286-13, 286-14, 286-15, 286-16, 286-17, 286-18, 286-19, 286-20, 286-21, 286-22, 286-23, 286-24, 286-25, 286-26, 286-27, 289, 289-1, 289-2, 289-3, 289-4, 289-5, 289-6, 289-7, 289-8, 289-9, 289-10, 289-11, 289-12, 289-13, 289-14, 289-15, 289-16, 289-17, 289-18, 289-19, 289-20, 289-21, 289-22, 289-23, 289-24, 289-25, 289-26, 289-27, 289-28, and 289-29 under seal. [Dkt. 294.]

In their motion and pursuant to Local Rule 5-11(d)(4)(A), Defendants identified themselves as the designating parties for Docket Nos. 286-16, 286-17, 286-18, 286-21, 286-22, 286-23, 286-24, 289-10, and 289-11, non-party Banana Post as the designating party for Docket No. 286-20, and Plaintiffs as the designating parties for Docket Nos. 286, 286-1, 286-2, 286-3, 286-4, 286-5, 286-6, 286-7, 286-8, 286-9, 286-10, 286-11, 286-12, 286-13, 286-14, 286-15, 286-19, 286-25, 286-26, 286-27, 289, 289-1, 289-2, 289-3, 289-4, 289-5, 289-6, 289-7, 289-8, 289-9, 289-12, 289-13, 289-14, 289-15, 289-16, 289-17, 289-18, 289-19, 289-20, 289-21, 289-22, 289-23, 289-24, 289-25, 289-26, 289-27, 289-28, and 289-29.

While Plaintiffs timely filed a response of sorts to the motion on November 6, 2024, [Dkt. 348], the "Statement on Sealing" filed by Plaintiffs neither authorized the unsealing of the documents for which Plaintiffs were identified as the designating parties nor include the brief and redacted versions of the documents required by Local Rules 5-11(d)(5) and 5-11(e). Non-party Banana Post made no filings in response to Defendants' motion. For these reasons, the motion is **DENIED** with respect to Docket Nos. 286, 286-1, 286-2, 286-3, 286-4, 286-5, 286-6, 286-7, 286-8, 286-9, 286-10, 286-11, 286-12, 286-13, 286-14, 286-15, 286-19, 286-20, 286-25, 286-26, 286-27, 289, 289-1, 289-2, 289-3, 289-4, 289-5, 289-6, 289-7, 289-8, 289-9, 289-12, 289-13, 289-14, 289-15, 289-16, 289-17, 289-18, 289-19, 289-20, 289-21, 289-22, 289-23, 289-24, 289-25, 289-26, 289-27, 289-28, and 289-29.

Defendants filed their Brief in Support, [Dkt. 295], simultaneously with their motion, identifying each specific document they contend should remain under seal. With respect to each document, Defendants contend that since "redaction of these non-relevant, confidential documents would require the redaction of virtually all of the content contained therein, less restrictive alternatives to sealing are unavailable." The Court has reviewed each document and is

unconvinced that narrow text and image redactions would not provide the protections to which Defendants are entitled. Since Defendants have not attached a public version of any of the documents with reasonable redactions to their Brief in Support, the motion is also **DENIED** with respect to Docket Nos. 286-16, 286-17, 286-18, 286-21, 286-22, 286-23, 286-24, 289-10, and 289-11.[1] Defendants are reminded that sealing documents is the exception, not the rule; the category of information that is sealable is narrow, and redactions should be done on a **word-by-word basis** to ensure the **minimum** amount of redaction necessary to protect the **specific words** that are subject to being sealed.

### III.   Docket No. 342

On November 4, 2024, Defendants filed their Motion to Seal Documents in Connection with Defendants' Response to Plaintiff's Omnibus CMP ¶ VIII(B)(1-2) Motion, seeking to maintain Docket Nos. 339, 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, 340-9, 340-10, 340-11, 340-12, 340-13, 340-14, 340-15, and 340-16, under seal. [Dkt. 342.] In their motion, Defendants identified Plaintiffs as the designating parties pursuant to Local Rule 5-11(d)(4)(A). While Plaintiffs timely filed a Statement on Sealing, [Dkt. 366], on November 18, 2024, the Statement neither authorized the unsealing of the documents, nor did it include the brief and redacted versions of the documents required by Local Rules 5-11(d)(5) and 5-11(e). As such, the motion is **DENIED.**

---

[1] The Court is perplexed by Defendants' arguments with respect to Docket Nos. 286-16, 286-21, 286-22, 286-23, and 286-24. Defendants reason those documents relate to individuals other than Plaintiffs and are therefore irrelevant. [Dkt. 295 at 3.] The Court disagrees. If the documents are truly irrelevant, then the Court wonders why Defendants filed them in the first place. Defendants further contend the documents have "crept into the record" and are not entitled to the presumption of public access. *Id.* To support this notion, Defendants cite to *Goesel.*, 738 F.3d at 833. *Goesel* deals with the question of sealing 1) a redacted settlement agreement relied on in a district court's dismissal of claims and 2) documents disclosing the amounts of a settlement agreement required to be reviewed by a district judge pursuant to Local Rule 17.1 of the Northern District of Illinois. The Court is not inclined to expand *Goesel*'s application beyond its limited scope of settlement-related filings, especially where there was no need to file the documents in the first place.

### IV. Concerns Relating to the Upcoming Trial

Defendants raised concerns in their Response to Plaintiffs' Statement on Sealing that the statement made by Plaintiffs "raises the larger issue of whether exhibits at the upcoming trial should be redacted to conceal the names of other children of Donald Cline." [Dkt. 369.] As Plaintiffs clarified in their Response to Doc. 369, the statement "has nothing to do with the trial record," and was filed pursuant to Local Rule 5-11(d)(5). [Dkt. 370.] Indeed, Plaintiffs filed an identical statement on November 6, 2024, with respect to the motion to maintain documents under seal at Docket No. 294. [Dkt. 348.] To be clear, **the instant motions do not implicate the treatment of exhibits at the upcoming trial in any way**.

### V. Conclusion

For the reasons set forth above, Defendants' Motion to Maintain Documents Under Seal in Connection with Defendants' Motion in Limine and Trial Brief, [Dkt. 294], is **DENIED** and Defendants' Motion to Seal Documents in Connection with Defendants' Response to Plaintiff's Omnibus CMP ¶ VIII(B)(1-2) Motion, [Dkt. 342], is **DENIED**.

**The Clerk shall UNSEAL Docket Nos. 286, 286-1, 286-2, 286-3, 286-4, 286-5, 286-6, 286-7, 286-8, 286-9, 286-10, 286-11, 286-12, 286-13, 286-14, 286-15, 286-16, 286-17, 286-18, 286-19, 286-20, 286-21, 286-22, 286-23, 286-24, 286-25, 286-26, 286-27, 289, 289-1, 289-2, 289-3, 289-4, 289-5, 289-6, 289-7, 289-8, 289-9, 289-10, 289-11, 289-12, 289-13, 289-14, 289-15, 289-16, 289-17, 289-18, 289-19, 289-20, 289-21, 289-22, 289-23, 289-24, 289-25, 289-26, 289-27, 289-28, 289-29, 339, 340-1, 340-2, 340-3, 340-4, 340-5, 340-6, 340-7, 340-8, 340-9, 340-10, 340-11, 340-12, 340-13, 340-14, 340-15, and 340-16. The Clerk shall also UNSEAL Docket No. 340 as it is only a cover sheet.**

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated: 27 NOV 2024

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.