UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH BOWLING,<br>LORI KENNARD,<br><br>               Plaintiffs,<br><br>     v.<br><br>NETFLIX, INC.,<br>NETFLIX WORLDWIDE ENTERTAINMENT, LLC,<br>REALHOUSE PRODUCTIONS, LLC,,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)    No. 1:22-cv-01281-TWP-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING DEFENDANTS' SECOND
## MOTION FOR JUDGMENT AS A MATTER OF LAW

This matter is before the Court on Defendants Netflix, Inc., Netflix Worldwide Entertainment, LLC, and RealHouse Productions, LLC's (collectively, "Defendants") Second Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a) ("Second Rule 50 Motion") (Filing No. 407). Plaintiffs Sarah Bowling ("Ms. Bowling") and Lori Kennard ("Ms. Kennard") (together, "Plaintiffs") initiated this lawsuit alleging Defendants tortiously disclosed their identifies as children of Dr. Donald Cline to millions of people on social media on Netflix's streaming platform in the documentary "*Our Father*" (the "Film"). A jury trial on Plaintiffs' claims began on Monday, December 2, 2024. On December 4, 2024, Defendants orally moved for judgment as a matter of law on Plaintiffs' claims. The Court orally denied Defendants' motion from the bench. Defendants subsequently filed their Rule 50(a) motion in writing (Filing No. 407), and Plaintiffs filed a written response (Filing No. 411). For the reasons stated by the Court on December 4, 2024, and for the additional reasons stated below, the Court **denies** Defendants' Second Rule 50(a) Motion.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011). "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)). Under Rule 50, the district court is not free to weigh the parties' evidence or the reasonable inferences that might be drawn from the evidence by the jury. Wright & Miller, 9B Fed. Prac. & Proc. Civ. § 2524 (3d ed.). Nor may the district court assess or evaluate the credibility of the witnesses. *Id.* The district court must review the record as a whole but "disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Reeves*, 530 U.S. at 151.

## II.    DISCUSSION

In their Second Rule 50 Motion, Defendants argue that they are entitled to judgment as a matter of law on the issue of liability because Plaintiffs have failed to sufficiently prove each element[1] of their invasion of privacy claims and because the United States and Indiana constitutions bar Plaintiffs' claims. Defendants also argue that judgment should be entered in their

---

[1] In their supporting brief, Defendants argued that negligence is an additional element of a claim of invasion of privacy by public disclosure of private fact under Indiana law, but Defendants expressly and knowingly withdrew that argument on December 5, 2024.

favor as to Plaintiffs' claims for compensatory damages[2] because Plaintiffs have not proven that their damages arose from the Defendants' alleged invasion of privacy. Plaintiffs respond by citing the variety of evidence adduced at trial that they believe supports Plaintiffs' claims.

As to liability, the Plaintiffs have presented, by a preponderance of the evidence, sufficient evidence on each element of their claims to survive the Rule 50 motion. Preponderance of the evidence is not a highly demanding standard. It only requires the jury to conclude only that the plaintiff has "more likely than not" proven her claim. The Second Rule 50 Motion essentially asks the Court to conclude that the greater weight of the evidence supports judgment as a matter of law, which the Court may not do. As noted above, the Court is not allowed to assess or evaluate the credibility of the witnesses. Drawing all reasonable inferences in Plaintiffs' favor, Plaintiffs have identified sufficient evidence on which the jury could find in their favor, notwithstanding the contrary evidence identified by Defendants.

As to Defendants' constitutionality argument, the Plaintiffs' claims are not barred by the United States or Indiana constitutions as a matter of law. The evidence of the newsworthiness of Plaintiffs' identities as children of Donald Cline almost completely mirrored the evidence offered on summary judgment. So for the reasons explained in the Court's summary judgment order, judgment as a matter of law on the issue of constitutionality is not warranted (Filing No. 271 at 39–44).

Lastly, as to damages, the Court again concludes that the Plaintiffs have presented the jury with sufficient evidence to support an award of compensatory damages. The Court agrees with Plaintiffs that Ms. Bowling's and Ms. Kennard's testimony regarding their damages can be enough to support an award of compensatory damages. Again, the Court is not allowed to weigh the

---

[2] Defendants filed a separate motion for judgment as a matter of law on the issue of punitive damages, which the Court granted from the bench on December 4, 2024.

evidence or make credibility determinations. Whether the jury believes Plaintiffs' damages testimony, and how much weight the jury gives that testimony, must be decided by the jury.

### III. CONCLUSION

For the above reasons, Defendants' Second Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(a) (Filing No. 407) is **DENIED**.

**SO ORDERED**.

Date: 12/5/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brad Dennis Brian
Munger, Tolles & Olson LLP
brad.brian@mto.com

J. Benjamin Broadhead
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
ben.broadhead@faegredrinker.com

Matthew Thomas Ciulla
MACGILL PC
matthew.ciulla@macgilllaw.com

Kristina Ann Coleman
Faegre Drinker Biddle & Reath LLP
kristina.coleman@faegredrinker.com

Jesse Feitel
DAVIS WRIGHT TREMAINE LLP
jessefeitel@dwt.com

Elaine J. Goldenberg
Munger, Tolles & Olsen, LLP
elaine.goldenberg@mto.com

Robert D. MacGill
MACGILL PC
robert.macgill@macgilllaw.com

Craig Ray Martin
Greenberg Traurig
Craig.Martin@gtlaw.com

Sara A McDermott
Munger, Tolles & Olson LLP
sara.mcdermott@mto.com

Andrew T. Nguyen
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

William M. Orr
Munger, Tolles & Olson LLP
william.orr@mto.com

Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
andrea.pierson@faegredrinker.com

Jordan Cecelia Satterthwaite
MacGill PC
cecelia.shaulis@macgilllaw.com

Rachel Strom
Davis Wright Tremaine LLP
rachelstrom@dwt.com

Mackenzie Thompson
MacGill PC
mackenzie.thompson@macgilllaw.com

T. Joseph Wendt
Barnes & Thornburg LLP
jwendt@btlaw.com

Blanca Young
Munger, Tolles & Olson LLP
blanca.young@mto.com