# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SARAH BOWLING, | ) | |
| LORI KENNARD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01281-TWP-MJD |
| | ) | |
| NETFLIX, INC., | ) | |
| NETFLIX WORLDWIDE ENTERTAINMENT, | ) | |
| LLC, | ) | |
| REALHOUSE PRODUCTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# FINAL JURY INSTRUCTIONS

**FINAL JURY INSTRUCTION NO. 1**

Members of the jury, you have seen and heard all of the evidence and the arguments of the attorneys. Now, I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during this trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**FINAL JURY INSTRUCTION NO. 2**

In this case the Defendants are corporations.  All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

**FINAL JURY INSTRUCTION NO. 3**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.  In determining whether any fact has been proven, you should consider all of the evidence bearing on the question regardless of who introduced it.

## FINAL JURY INSTRUCTION NO. 4

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and therefore discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

## FINAL JURY INSTRUCTION NO. 5

During the trial, certain testimony was presented to you by the reading of depositions and/or video from prior sworn deposition testimony. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## FINAL JURY INSTRUCTION NO. 6

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Fifth, certain models, charts, and summaries that have been shown to you to help explain facts disclosed by documents and witnesses in this case are not evidence. They are merely aids, and if they do not accurately reflect the facts or figures shown by the evidence, you should disregard them.

**FINAL JURY INSTRUCTION NO. 7**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**FINAL JURY INSTRUCTION NO. 8**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

## FINAL JURY INSTRUCTION NO. 9

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## FINAL JURY INSTRUCTION NO. 10

When I say you should consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

## FINAL JURY INSTRUCTION NO. 11

Parties may attack the credibility of a witness by showing that the witness made a statement inconsistent with the witness' testimony.

You may consider the fact that the witness spoke inconsistently with his testimony in this case *only* to determine the weight you will give to that witness' testimony given during this trial.

However, if a witness testified inconsistently *under oath* in this case, you may *also* consider *the content* of the witness's prior inconsistent statement as evidence in this case.

## FINAL JURY INSTRUCTION NO. 12

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

**FINAL JURY INSTRUCTION NO. 13**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## FINAL JURY INSTRUCTION NO. 14

This is a civil case.  Plaintiffs have the burden of proving their case by what is called the greater weight of the evidence.  Accordingly, when I say the plaintiffs must prove something by the greater weight of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

A greater number of witnesses testifying to a fact on one side or a greater quantity of evidence introduced on one side does not necessarily amount to the greater weight of evidence.

**FINAL JURY INSTRUCTION NO. 15**

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**FINAL JURY INSTRUCTION NO. 16**

The parties have stipulated, or agreed, to certain facts. You must now treat these facts as having been proved for the purpose of this case.

## FINAL JURY INSTRUCTION NO. 17

In deciding this case, you must not consider or speculate about whether any party has insurance.

**FINAL JURY INSTRUCTION NO. 18**

When you review the documents admitted into evidence in this trial, you may see that certain portions of a document have been blacked out or whited out and removed from your consideration by the court.  You should not speculate as to the content of the portions that have been blacked out or whited out, nor should you consider as part of your deliberation the fact that certain portions have been removed from your consideration.  Rather, you should consider only those portions that have been admitted into evidence.

**FINAL JURY INSTRUCTION NO. 19**

You must give separate consideration to each claim and each party in this case.  Although there are two Plaintiffs, it does not follow that if one is successful, the other is too.

**FINAL JURY INSTRUCTION NO. 20**

During the trial, if you heard the pseudonym "Jane Doe," that referred to Sarah Bowling.

If you heard "Janice Coe," that referred to Lori Kennard.

You are instructed not to draw any inference as to the use of pseudonyms.

**FINAL JURY INSTRUCTION NO. 21**

To recover damages from the Defendants, Netflix or RealHouse, the Plaintiffs, Sarah Bowling and Lori Kennard, must each prove by the greater weight of the evidence that:

1. Netflix or RealHouse disclosed information about a Plaintiff that is factually true and private in nature;

2. Netflix's or RealHouse's disclosure was communicated in a way that either reached the public or was sure to reach the public in general, or was communicated to a large enough number of persons that the matter was sure to become public knowledge;

3. Netflix's or RealHouse's disclosure was one that would be highly offensive to a reasonable person; and

4. The information disclosed by Netflix or RealHouse was not of legitimate public concern.

**FINAL JURY INSTRUCTION NO. 22**

The plaintiff's information is not private in nature if the information is left open to public inspection, if the defendant merely gives further publicity to information about the plaintiff that is already public, or if the plaintiff discloses that information to people who are not close family or close friends.

**FINAL JURY INSTRUCTION NO. 23**

A plaintiff does not establish an invasion of privacy by public disclosure of a private fact by showing that she did not consent to the disclosure.

## FINAL JURY INSTRUCTION NO. 24

If you decide from the greater weight of the evidence that Defendant Netflix and/or Defendant RealHouse is liable to one or more of the Plaintiffs, then you must decide the amount of money that will fairly compensate each Plaintiff to whom a Defendant is liable.

In deciding the amount of money you award, you may consider:

1.  the harm to Plaintiffs' interest in privacy resulting from the invasion;

2.  Plaintiffs' mental distress proved to have been suffered, if it is of a kind that normally results from such an invasion;

3.  special damage of which the invasion is a legal cause.

**FINAL JURY INSTRUCTION NO. 25**

Base your decision on the evidence and not on a guess or speculation.  However, damages,

if any, need not be proven to a mathematical certainty.

## FINAL JURY INSTRUCTION NO. 26

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

A verdict form has been prepared for you. Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, sign, and date the verdict form.

If you need to communicate with me while you are deliberating, send a note through the Court Clerk. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 4-4, or 5-3, or whatever your vote happens to be.

Advise the Clerk once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

## FINAL JURY INSTRUCTION NO. 27

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Your sole interest is to determine whether the Plaintiffs have proved their claims.