UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SARAH BOWLING,<br>LORI KENNARD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01281-TWP-MJD |
| | ) | |
| NETFLIX, INC.,<br>NETFLIX WORLDWIDE ENTERTAINMENT,<br>LLC,<br>REALHOUSE PRODUCTIONS, LLC,, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO SEAL**

This matter comes before the Court on Plaintiffs' Motion to Seal [Dkt. 330], Plaintiffs'

Motion to Seal [Dkt. 358], Plaintiffs' Motion to Seal [Dkt. 372], and Defendants' Motion to Seal

Documents in Connection with Defendants' Motion in Limine No. 12 to Preclude Evidence and

Argument Relating to Plaintiffs' Physical Injuries  [Dkt. 390].  For the reasons set forth below,

those motions are **GRANTED IN PART** and **DENIED IN PART**.

**I.  Applicable Law**

Courts must take care when determining whether to seal documents and thus shield them

from the public. This is because "[d]ocuments that affect the disposition of federal litigation are

presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute,

rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see*

*Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013). Still, "very few categories of documents are kept confidential once their bearing on the merits ofa suit has been revealed."  *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may therefore only file a document underseal if it has shown "good cause" to do so. *Citizens FirstNat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In reBridgestone / Firestone, Inc., ATX, ATX II, & WildernessTires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001)("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'") (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would beharmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover, simply designating information as confidential is insufficient to permit under-sealfiling, *see Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal." Local R. 5-11(d)(1)(D).

## II. Docket No. 330

Plaintiffs' Motion to Seal [Dkt. 330] seeks to seal Docket Nos. 318-1, 318-2, 318-3, 320-1, 320-2, 320-3, 322-2, 322-3, 328-1, 328-2, 328-3, 322-1, 328-4, and 328-5.  Plaintiffs established good cause to seal Docket Nos. 322-1, 328-4, and 328-5 and the motion is

**GRANTED** as to those documents.  Defendants established good cause to seal Docket Nos. 318-1, 318-2, and 320-2 and the motion is **GRANTED** as to those documents.  No party has articulated any basis to seal with regard to the remaining documents; consequently, the motion to seal is **DENIED** as to Docket Nos. 318-3, 320-1, 320-3, 322-2, 322-3, 328-1, 328-2, and 328-3.

### III. Docket No. 358

Plaintiffs' Motion to Seal [Dkt. 358] seeks to seal Docket No. 356.  Defendants authorized the unsealing of Docket No. 356.  Accordingly, the motion to seal is **DENIED**.

### IV. Docket No. 372

Plaintiffs' Motion to Seal [Dkt. 372] seeks to seal Docket No. 371.  No party has articulated any basis to seal with regard to that document; consequently, the motion to seal is **DENIED**.

### V. Docket No. 390

Defendants' Motion to Seal Documents in Connection with Defendants' Motion in Limine No. 12 to Preclude Evidence and Argument Relating to Plaintiffs' Physical Injuries  [Dkt. 390] seeks to seal Docket Nos. 389-1, 389-2, 389-3, 389-4, and 389-5.  No party has articulated any basis to seal with regard to those documents; consequently, the motion to seal is **DENIED**.

### VI. Conclusion

For the reasons set forth above, the Clerk is directed to **permanently seal** Docket Nos. 318-1, 318-2, 320-2, 322-1, 328-4, and 328-5.  The Clerk is directed to **unseal** Docket Nos. 318-3, 320-1, 320-3, 322-2, 322-3, 328-1, 328-2, 328-3, 356, 371, 389-1, 389-2, 389-3, 389-4, and 389-5.  In addition, Docket Nos. 318, 320, 322, 328, and 389, which are mere cover sheets, were filed under seal and no party has moved to maintain those documents under seal, accordingly, the Clerk is further directed to **unseal** Docket Nos. 318, 320, 322, 328, and 389.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  14 JAN 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.